1
2
3
4

5          UNITED STATES DISTRICT COURT
          WESTERN DISTRICT OF WASHINGTON
6                    AT SEATTLE

7   LOUANN VICTORIA BAUMAN,

8                          Plaintiff,          CASE NO. C15-0066-TSZ-MAT

9          v.

10   CAROLYN W. COLVIN, Acting                 REPORT AND RECOMMENDATION
     Commissioner of Social Security,          RE: SOCIAL SECURITY DISABILITY
11                                             APPEAL

                           Defendant.
12

13          Plaintiff Louann Victoria Bauman proceeds through counsel in her appeal of a final

14   decision of the Commissioner of the Social Security Administration (Commissioner).  The

15   Commissioner denied Plaintiff's application for Disability Insurance Benefits (DIB) after a

16   hearing before an Administrative Law Judge (ALJ).  Having considered the ALJ's decision, the

17   administrative record (AR), and all memoranda of record, the Court recommends that this matter

18   be AFFIRMED.

19                      **FACTS AND PROCEDURAL HISTORY**

20          Plaintiff was born on XXXX, 1954.[1]  She has two years of college education and

21   previously worked as a pharmacy technician.  (AR 315-16.)

22          _____
            [1] Plaintiff's date of birth is redacted back to the year of birth in accordance with Federal Rule of
     Civil Procedure 5.2(a) and the General Order of the Court regarding Public Access to Electronic Case
23   Files, pursuant to the official policy on privacy adopted by the Judicial Conference of the United States.

REPORT AND RECOMMENDATION
PAGE - 1

Plaintiff protectively filed an application for DIB on November 16, 2010, alleging disability beginning March 15, 2010.  (AR 103, 252-58.)  Her application was denied at the initial level and on reconsideration, and she timely requested a hearing.  (AR 119-24, 131-34.)

On March 19, 2012, and October 17, 2012, ALJ Ilene Sloan held hearings, taking testimony from Plaintiff and a vocational expert (VE).  (AR 38-100.)  On June 27, 2013, the ALJ issued a decision finding Plaintiff not disabled.  (AR 20-31.)

Plaintiff timely appealed.  The Appeals Council denied Plaintiff's request for review on November 19, 2014 (AR 1-4), making the ALJ's decision the final decision of the Commissioner.  Plaintiff appealed this final decision of the Commissioner to this Court.

## JURISDICTION

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## DISCUSSION

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2000).  At step one, it must be determined whether the claimant is gainfully employed.  The ALJ found Plaintiff had not worked since her alleged onset date.  (AR 22.)  At step two, it must be determined whether a claimant suffers from a severe impairment.  The ALJ found severe Plaintiff's chronic pain syndrome and degenerative disc disease at L5-S1.  (AR 23-25.)  Step three asks whether a claimant's impairments meet or equal a listed impairment.  The ALJ found that Plaintiff's impairments did not meet or equal the criteria of a listed impairment.  (AR 25.)

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess residual functional capacity (RFC) and determine at step four whether the claimant demonstrated an inability to perform past relevant work.  The ALJ found Plaintiff able to lift 25 pounds

REPORT AND RECOMMENDATION
PAGE - 2

occasionally and 10 pounds frequently, stand and walk for six out of eight hours per workday, and sit for six out of eight hours per workday.  Plaintiff can occasionally climb ramps and stairs, but can never climb ladders, ropes, or scaffolds.  She can occasionally balance, stoop, kneel, crouch, and crawl.  She can occasionally push or pull with her lower extremities.  (AR 25-31.)  With that assessment, the ALJ found Plaintiff able to perform her past relevant work as a pharmacy technician as generally performed.  (AR 31.)

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings supported by substantial evidence in the record as a whole.  *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993).  Substantial evidence means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989).  If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold that decision.  *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

Plaintiff argues the ALJ erred in (1) finding at step two that fibromyalgia and general osteoarthritis are not medically determinable, and depression and anemia are not severe, and not addressing thalassemia; (2) assessing medical opinions provided by a treating physician, a consultative examining physician, and a State agency physician; and (3) assessing Plaintiff's RFC, by failing to account for limitations established by the rejected evidence or caused by her medication side effects.  She asks that the ALJ's decision be reversed and implicitly requests that her claim remanded for an award of benefits or, in the alternative, for further proceedings.  Dkt. 15 at 17-18.  The Commissioner argues the ALJ's decision is supported by substantial evidence and should be affirmed.

REPORT AND RECOMMENDATION
PAGE - 3

Step Two

Plaintiff argues that the ALJ erred at step two in assessing her impairments, specifically in finding some conditions to be not medically determinable, others not severe, and failing to address one altogether.

At step two, a claimant must make a threshold showing that his or her medically determinable impairments significantly limit his or her ability to perform basic work activities. *See Bowen v. Yuckert*, 482 U.S. 137, 145 (1987); 20 C.F.R. §§ 404.1520(c), 416.920(c). "Basic work activities" refers to "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. §§ 404.1521(b), 416.921(b). "An impairment or combination of impairments can be found 'not severe' only if the evidence establishes a slight abnormality that has 'no more than a minimal effect on an individual's ability to work.'" *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996) (quoting Social Security Ruling (SSR) 85-28, 1985 WL 56856, at *3 (Jan. 1, 1985)).

A severe mental or physical impairment must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques, and established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by the claimant's statement of symptoms. 20 C.F.R. §§ 404.1508, 416.908. "Symptoms" are the claimant's own description of his or her physical or mental impairment. *Id.* at 404.1528(a), 414.928(a). "Signs" are "anatomical, physiological, or psychological abnormalities which can be observed, apart from the claimant's statements (symptoms)." *Id*. at 404.1528(b), 414.928(b). "Signs must be shown by medically acceptable clinical diagnostic techniques." *Id*. "Psychiatric signs are medically demonstrable phenomena that indicate specific psychological abnormalities, e.g., abnormalities of behavior, mood, thought, memory, orientation, development, or perception[,]" and "must also be shown by

REPORT AND RECOMMENDATION
PAGE - 4

1   observable facts that can be medically described and evaluated.  *Id*. "Laboratory findings" are

2   "anatomical, physiological, or psychological phenomena which can be shown by the use of

3   medically acceptable laboratory diagnostic techniques."  *Id*. at 404.1528(c), 414.928(c).

4   Fibromyalgia

5        Plaintiff argues that the ALJ erred in finding that fibromyalgia was not a medically

6   determinable impairment.  The Social Security Administration has published a ruling explaining

7   what findings are necessary to establish fibromyalgia as a medically determinable impairment.

8   *See* SSR 12-2p, 2012 WL 3104869, at *2-3 (Jul. 25, 2012) (setting forth alternate sets of

9   diagnostic criteria).  The ALJ in this case referenced the diagnostic criteria as set forth in SSR

10  12-2p, and explained why she found that although the record contained references to

11  fibromyalgia, it did not contain the requisite findings to corroborate the diagnosis.  (AR 23.)  The

12  ALJ also identified evidence that contradicts Plaintiff's treatment physician's fibromyalgia

13  diagnosis.  (AR 23 (citing AR 498).)  As a result, the ALJ found that fibromyalgia was not a

14  medically determinable impairment.  (AR 23.)

15        Plaintiff argues that the ALJ erred in rejecting fibromyalgia as a medically determinable

16  impairment without first further developing the record.  Dkt. 15.  She does not acknowledge,

17  however, that she bears the burden to prove that her impairments are disabling.  *Miller v.*

18  *Heckler*, 770 F.2d 845, 849 (9th Cir. 1985).  Although the SSR cited by Plaintiff provides that an

19  ALJ *may* further develop the record regarding fibromyalgia, she has not established that the ALJ

20  breached her duty to do so in this case.  *See* SSR 12-2p, 2012 WL 3104869, at *4; *Mayes v.*

21  *Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001) ("An ALJ's duty to develop the record further

22  is triggered only when there is ambiguous evidence or when the record is inadequate to allow for

23  proper evaluation of the evidence.").  The ALJ did not find that the evidence was ambiguous or

REPORT AND RECOMMENDATION
PAGE - 5

1   inadequate, and thus the duty to develop was not triggered here.  Plaintiff has not established

2   error in the ALJ's step-two finding as to fibromyalgia.

3   General Osteoarthritis

4        The ALJ noted that Plaintiff's treating physician diagnosed general osteoarthritis, but that

5   the record did not contain any corroborating "objective findings, imaging, or laboratory tests[.]"

6   (AR 24.)  As a result, the ALJ found that general osteoarthritis was not a medically determinable

7   impairment.  (*Id.*)  In challenging this finding, Plaintiff essentially reiterates her argument as to

8   fibromyalgia, arguing that the ALJ should have recontacted her treating physician in order to

9   develop the record as to general osteoarthritis.  Dkt. 15 at 5.  As explained in the previous

10  section, Plaintiff has not established that the ALJ's duty to further develop the record was

11  triggered here, because the ALJ did not find that the record was either ambiguous or inadequate

12  to allow for proper evaluation of the evidence.  Accordingly, Plaintiff has not established error in

13  the ALJ's step-two finding as to general osteoarthritis.

14  Depression, Anemia, and Thalessemia

15       Plaintiff assigns error to the ALJ's findings as to depression, anemia, and thalessemia, but

16  provides no analysis as to why the ALJ erred.  (Dkt. 15 at 1, 8.)  Plaintiff's bare contentions are

17  insufficient, and to the extent that she provided additional argument for the first time on reply

18  (Dkt. 17), she further failed to properly raise these issues on appeal.  *See Indep. Towers of Wash.*

19  *v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) (declining to address assertions

20  unaccompanied by legal arguments:  "We require contentions to be accompanied by reasons.");

21  *Zango, Inc. v. Kaspersky Lab, Inc.*, 568 F.3d 1169, 1177 n.8 (9th Cir. 2009) ("[A]rguments not

22  raised by a party in an opening brief are waived.").

23       Accordingly, the Court recommends that the ALJ's step-two findings should be affirmed.

REPORT AND RECOMMENDATION
PAGE - 6

<u>Medical Opinion Evidence</u>

Plaintiff assigns error to the ALJ's rejection of December 2011 and October 2012 opinions provided by her treating physician, Peter Mohai, M.D.   Dr. Mohai opined that Plaintiff's impairments restricted her to less than sedentary work (AR 506), and reiterated this opinion in more detail (AR 539-45).  The ALJ provided several reasons to discount the opinions: (1) Dr. Mohai opined that non-medically determinable impairments and non-severe impairments were disabling; (2) Dr. Mohai's opinions are not supported by his treatment records, "which document no more than superficial examinations of the claimant" and reference "normal gait and grossly intact motor and sensory functioning throughout the upper and lower extremities"; (3) the contrary opinion of consultative examiner Robert Burdick, M.D., is "buttressed by comprehensive physical examination findings" and evidences Plaintiff's symptom magnification; (4) Dr. Mohai's opinion relies on Plaintiff's non-credible self-report, as evidenced by his wholesale adoption of her self-reported limitations (AR 30 (citing AR 539)); (5) Dr. Mohai opined that Plaintiff began to have difficulty sustaining work as early as April 2008, but the record shows that Plaintiff worked 32-36 hours/week from October 2008 through March 2010, and that this job ended for reasons unrelated to her impairments; and (6) even though Dr. Mohai opined that Plaintiff could not work at all since May 2009, Plaintiff certified in unemployment benefits applications in September 2010 and September 2011 that she was able to work full-time (AR 380, 385).  (AR 30-31.)

In general, more weight should be given to the opinion of a treating physician than to a non-treating physician, and more weight to the opinion of an examining physician than to a non-examining physician.  *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996).   Where not contradicted by another physician, a treating or examining physician's opinion may be rejected

REPORT AND RECOMMENDATION
PAGE - 7

only for "'clear and convincing'" reasons. *Id.* (quoting *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991)). Where contradicted, a treating or examining physician's opinion may not be rejected without "'specific and legitimate reasons' supported by substantial evidence in the record for so doing." *Id.* at 830-31 (quoting *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). The ALJ may reject physicians' opinions "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citing *Magallanes*, 881 F.2d at 751). Rather than merely stating her conclusions, the ALJ "must set forth [her] own interpretations and explain why they, rather than the doctors', are correct." *Id.* (citing *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988)).

Most of the ALJ's reasons are specific and legitimate. The ALJ erred to the extent she discounted Dr. Mohai's opinions due to their references to impairments she found to be not severe, because an ALJ must consider all limitations, including non-severe limitations, when assessing a claimant's RFC. 20 C.F.R. §§ 404.1545(e), 416.945(e). But the ALJ's other reasons are specific and legitimate. The ALJ did not err in noting that Dr. Mohai's treatment notes did not corroborate his opinions: the ALJ specifically identified examination findings that contradict Dr. Mohai's opinion, namely his finding that Plaintiff's motor and sensory functioning was intact in her upper and lower extremities (AR 509, 515, 533). Dr. Mohai's treatment notes do not contain strength testing to support his opinion regarding Plaintiff's ability to lift or carry, for example, and Dr. Mohai cited no specific findings to support his opinion in that regard. (AR 541-42.)

Furthermore, as found by the ALJ, Dr. Mohai's opinions do reflect a reliance on Plaintiff's self-report (AR 539 (citing Plaintiff's self-report as the basis for limitations)), and

REPORT AND RECOMMENDATION
PAGE - 8

Plaintiff does not challenge the ALJ's adverse credibility determination.  Dr. Mohai did not cite specific findings that support his opinion as to Plaintiff's limitations, and thus the ALJ was entitled to discount Dr. Mohai's opinion to the extent he relied on Plaintiff's non-credible self-reporting.  *See Ghanim v. Colvin*, 763 F.3d 1154, 1162-63 (9th Cir. 2014) (holding that an ALJ may reject treating provider's opinions if based "to a large extent" on discredited self-reports and not clinical evidence).

The ALJ also cited specific ways in which Dr. Mohai's opinions were contradicted by evidence related to Plaintiff's work history and statements about her ability to work, and these are legitimate reasons to discount Dr. Mohai's opinions.  Although Plaintiff cites evidence that she contends shows that her work activity was unsuccessful, and thus should not have been held against her, the evidence cited is not inconsistent with the ALJ's findings that Plaintiff worked from October 2008 until March 2010, and that her work ended for reasons unrelated to her impairments.  *See* AR 358-59 (statement from Plaintiff's employer, Bellegrove Pharmacy); *see also* AR 380, 385 (Plaintiff's statements that her Bellegrove Pharmacy job ended because she was laid off due to lack of work, or because the business closed).   These are legitimate reasons to discount Dr. Mohai's opinions.  *See* 20 C.F.R. §404.1505 (defining "disability" as the inability to work due to a medically determinable impairment).

The ALJ also cited inconsistent medical evidence as a reason to discount Dr. Mohai's opinion, and explained why she afforded more weight to Dr. Burdick's opinion than Dr. Mohai's.  (AR 30.)  The ALJ did not err in favoring Dr. Burdick's opinion as better supported by examination findings, because Dr. Burdick performed a physical examination.  (AR 496-98.)  Contrary medical evidence is a legitimate reason to discount Dr. Mohai's opinions.  *See Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (finding it not improper to reject an

REPORT AND RECOMMENDATION
PAGE - 9

1   opinion presenting inconsistencies between the opinion and the medical record).[2]

2       Because the ALJ provided multiple specific and legitimate reasons to discount Dr.

3   Mohai's opinions, the ALJ's decision in that respect should be affirmed.

4       Plaintiff goes on to argue that the ALJ erred in relying on the opinions of the consultative

5   examiner and State agency medical consultant (Dkt. 15 at 14-15), but this argument is not

6   persuasive.  That the examining physician did not review Plaintiff's entire medical history does

7   not invalidate the physician's opinion.  *See Walshe v. Barnhart*, 70 Fed. Appx. 929, 931 (9th Cir.

8   2003) (". . . Social Security regulations do not require that a consulting physician review all of

9   the claimant's background records[.]").   Furthermore, although Plaintiff argues that the ALJ

10  erred in finding that the Waddell's signs observed by Dr. Burdick "buttressed" his opinion, the

11  ALJ did not so find: she indicated that Dr. Burdick's opinion was buttressed by his

12  "comprehensive physical examination findings."  (AR 30.)  Dr. Burdick did perform a physical

13  examination, which supported his ultimate conclusion.  (AR 497-98.)  That Plaintiff interprets

14  Dr. Burdick's findings regarding Waddell's signs and inconsistent conduct regarding guarding

15  (AR 497-98) differently than the ALJ does not establish that the ALJ's inferences were not

16  reasonable, and thus does not establish error.  *Morgan v. Comm'r of Social Sec. Admin.*, 169

17  F.3d 595, 599 (9th Cir. 1999) ("Where the evidence is susceptible to more than one rational

18  interpretation, it is the ALJ's conclusion that must be upheld.").

19      Finally, Plaintiff argues that the ALJ could not rely on a non-examining physician's

20  opinion as a basis to reject a treating physician's opinion.  Dkt. 15 at 16.  The ALJ in this case

21  did not cite a non-examining physician's opinion as a reason to discount Dr. Mohai's opinion,

22  ───────────────

23      [2] Plaintiff's last challenge to the ALJ's reasoning regarding Dr. Mohai's opinions addresses impropriety, but this appears to be a typographical error.  Dkt. 15 at 13 (referencing a "Dr. Stevenson").

REPORT AND RECOMMENDATION
PAGE - 10

1   however.   Plaintiff has failed to establish error in the ALJ's assessment of the State agency

2   physician's opinion

3                                        Other Issues

4           Plaintiff's arguments regarding step three and the RFC assessment depend on her

5   arguments regarding step two and the medical opinion evidence, which should be rejected for the

6   reasons explained herein.  Dkt. 15 at 16-17.  Plaintiff also argues that the ALJ erred in failing to

7   account for her allegations of pain and medication side effects (Dkt. 15 at 17), but the fact that

8   she does not challenge the ALJ's adverse credibility determination is fatal to this argument.  *See*

9   *Bayliss v. Barnhart*, 427 F.3d 1211, 1217-18 (9th Cir. 2005) (holding that an RFC assessment or

10  VE hypothetical need not account for limitations or impairments that the ALJ properly rejected);

11  *Britton v. Colvin*, ___ F.3d ___, *available at* 2015 WL 3461472, at *2 (9th Cir. Jun. 2, 2015)

12  (holding that where a claimant is not credible, an ALJ need not account for limitations

13  established only by a claimant's self-report in a VE hypothetical)

14                                       CONCLUSION

15          For the reasons set forth above, the Court recommends that this matter be AFFIRMED.

16                               DEADLINE FOR OBJECTIONS

17          Objections to this Report and Recommendation, if any, should be filed with the Clerk and

18  served upon all parties to this suit within **fourteen (14) days** of the date on which this Report and

19  Recommendation is signed.  Failure to file objections within the specified time may affect your

20  right to appeal.  Objections should be noted for consideration on the District Judge's motions

21  calendar for the third Friday after they are filed.  Responses to objections may be filed within

22  **fourteen (14) days** after service of objections.  If no timely objections are filed, the matter will

23  / / /

REPORT AND RECOMMENDATION
PAGE - 11

be ready for consideration by the District Judge on **July 3, 2015**.

DATED this 12th day of June, 2015.


Mary Alice Theiler
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 12